Robin F. Wynne, Justice, concurring in part and dissenting in part.
I join the majority opinion in all respects except that I would go further regarding the cross-examination of BT. In addition to remanding for an in camera review of the DHS file as required by Pennsylvania v. Ritchie , 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987), I would reverse and remand for a new trial based on the improper limitations the circuit court placed on the cross-examination of BT. Therefore, I respectfully dissent in part for the reasons outlined below.
The Sixth Amendment to the United States Constitution and art. 2, § 10 of the Arkansas Constitution guarantee the right of an accused in a criminal prosecution to be confronted with the witnesses against him. The right of confrontation provides two types of protection for defendants in criminal cases: the right to face those who testify against them and the opportunity to conduct effective cross-examination. Gordon v. State , 326 Ark. 90, 94, 931 S.W.2d 91, 93 (1996). The right to cross-examine is not unlimited, and a circuit court has wide latitude to impose reasonable limits on cross-examination based upon concerns about confusion of issues or interrogation that is only marginally relevant. See id. To determine whether the restrictions placed on the right to cross-examine a witness rise to the level of a constitutional deprivation, we look to the record as a whole to determine if the restrictions imposed created a substantial danger of prejudice to appellant. Id.
As one of three alleged victims, and as the one leveling the most serious charges (rape), BT's testimony was critical to the State's case. With no physical evidence to support the charges, BT's credibility was key. Applying Arkansas Rule of Evidence 608(b),[5] the circuit court found that the *440 prior false allegation of sexual abuse was relevant to BT's credibility. However, the court ruled that the defense's cross-examination would be limited to whether she had made an allegation against her biological father, whether it was true, and how long ago the allegation was made. This drastic limitation on the scope of cross-examination resulted in appellant being deprived of a reasonable cross-examination of BT. A prior, false allegation of sexual abuse by BT is probative of her character for untruthfulness, and particularly so in this case because it hinged on BT's credibility in alleging rape and sexual abuse by her adopted father. To compound this problem, BT testified outside the presence of the jury that her allegation against her biological father was false, but she did not make the same unqualified admission in front of the jury when she instead stated, "Now that I know the terms that they use, it is not true." This is not such a resounding impeachment that appellant "could hardly hope for more," as the State argues. Rather, in my view, the circuit court abused its discretion by not allowing any questioning regarding the similarity of the prior false accusation to the crimes charged.
I would hold that appellant has shown both a violation of his right to a reasonable cross-examination of BT and prejudice. Accordingly, I would reverse and remand for a new trial.

Ark. R. Evid. 608, Evidence of character and conduct of witness, provides in pertinent part:
(b) Specific Instances of Conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness....